UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

REYNALDO PACHECO,

Plaintiff,

-vs-                                                                 Case No. 6:05-cv-1247-Orl-JGG

JHM ENTERPRISES, INC.; REMINGTON
LODGING & HOSPITALITY, L.P.; and
REMINGTON LODGING &
HOSPITALITY, L.L.C.,

Defendants.

## ORDER

This cause came on for hearing on April 11, 2006 on the following motion:

| | |
|---|---|
| MOTION: | MOTION FOR APPROVAL OF FLSA SETTLEMENT AND TO DISMISS THE CASE WITH PREJUDICE (Docket Nos. 39, 41) |
| FILED: | March 9, 2006 |
| THEREON it is ORDERED that the motion is GRANTED. | |

Plaintiff Reynaldo Pacheco seeks to hold Defendants JHM Enterprises, Inc.[1] ("JHM"), Remington Lodging & Hospitality, L.P. ("Remington L.P."), and Remington Lodging & Hospitality, L.L.C. ("Remington L.L.C.") under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 216(b) ("FLSA"), for allegedly failing to pay him overtime wages. On March 14, 2006, the parties

---

[1] The Amended Complaint in this action incorrectly names Defendant JHM Enterprises, Inc. as "JHM Enterprises." Counsel for Defendant JHM confirmed that the Defendant's correct name is "JHM Enterprises, Inc."

filed a Joint Notice of Settlement and Motion for Approval of Settlement and to Dismiss Case with Prejudice. Docket Nos. 39, 41.

On March 10, 2006, the Honorable Anne C. Conway referred the matter to the undersigned for issuance of a Report and Recommendation as to whether the settlement is a fair and reasonable resolution of a bona fide dispute. Docket No. 40. In response to Judge Conway's order, the undersigned scheduled a hearing and ordered Plaintiff's counsel to bring to the hearing attorney billing records, an affidavit detailing costs and fees award to Plaintiff as a result of the settlement, and an affidavit from an uninterested attorney attesting to the reasonableness of the rate and amount of attorney's fees to be awarded in this action. Docket No. 42. The undersigned held the hearing on April 11, 2006. The parties consented to the exercise of jurisdiction by the undersigned (and have the undersigned conduct all further proceedings in this case), which was approved by Judge Conway on April 11, 2006. *See* Docket Nos. 46, 47.

I. **THE LAW**

A. **Approval of Settlements**

Congress enacted the FLSA to protect workers from low wages and long hours that can result from the inequality in bargaining power between employers and employees. The FLSA, therefore, provides that "[a]ny employer who violates the provisions of section 206 or 207 of this title shall be liable to the employee . . . affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be. . . ." 29 U.S.C. §216(b). The FLSA's provisions are mandatory and, except in two narrow circumstances generally are not subject to bargaining, waiver, or modification by contract or settlement. *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706 (1945). The two circumstances in which FLSA claims may be compromised are claims that are 1.) supervised

by the Secretary of Labor pursuant to 29 U.S.C. § 216(c) and 2.) when a court reviews and approves a settlement in a private action for back wages under 29 U.S.C. § 216(b). *Lynn's Food Stores, Inc. v. United States, U.S. Dep't of Labor,* 679 F.2d 1350, 1353 (11th Cir. 1982).

Before the Court may approve the settlement, it must scrutinize the settlement to determine whether it is a fair and reasonable resolution of a bona fide dispute. *Id.* at 1354-55. If a settlement in an employee FLSA suit does reflect "a reasonable compromise over issues," such as FLSA coverage or computation of back wages that are "actually in dispute," the court may approve the settlement "in order to promote the policy of encouraging settlement of litigation." *Id.* at 1354. Where a plaintiff is offered full compensation on his FLSA claim, no compromise is involved and judicial approval is not required. *MacKenzie v. Kindred Hosp. East, L.L.C.*, 276 F. Supp. 2d 1211, 1217 (M.D. Fla. 2003).

In determining whether the settlement is a fair and reasonable resolution, the Court adopts the factors used in approving the settlement of class actions:

> (1) the existence of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of plaintiff's success on the merits; (5) the range of possible recovery; and (6) the opinions of the counsel.

*See Leverso v. SouthTrust Bank of Ala., Nat. Assoc.,* 18 F.3d 1527, 1531 n.6 (11th Cir. 1994). When considering these factors, the Court should keep in mind the "strong presumption" in favor of finding a settlement fair. *Cotton v. Hinton,* 559 F.2d 1326, 1331 (5th Cir.1977). Moreover, the Court is aware, as the parties must also be, that a "settlement is a compromise, a yielding of the highest hopes in exchange for certainty and resolution." *In re Gen. Motors Corp. Pick-Up Truck Fuel Tank Prods. Liab. Litig.,* 55 F.3d 768, 806 (3d Cir.1995), *citing Cotton,* 559 F.2d at 1330.

## B.     Awards of Reasonable Attorneys' Fees and Costs

An award of "reasonable attorneys' fee[s] . . . and costs" is mandatory under § 216(b) if the employer is held liable. Although the court is obligated to award the attorneys' fees, Congress's use of the word "reasonable" confers discretion upon the court to determine the amount of fees to be awarded. In determining the reasonableness of attorneys' fees pursuant to a fee-shifting statute, the lodestar generally is recognized as a reasonable fee. *City of Burlington v. Dague*, 505 U.S. 557, 562 (1992).[2] The party seeking attorneys' fees bears the initial burden of submitting adequate documentation of the hours reasonably expended and of the attorney's qualifications and skill. *See Hensley v. Eckerhart*, 461 U.S. 424, 433, 437 (1983). Satisfactory evidence of the prevailing market rate "at a minimum is more than the affidavit of the attorney performing the work," and must address rates actually billed and paid in similar lawsuits. *Norman v. Housing Auth. of City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988).

In collective FLSA actions, the court has a duty to determine the reasonableness of the proposed attorneys' fees as part of the fairness determination. *See, e.g., Strong v. BellSouth Telecomms., Inc.*, 137 F.3d 844, 849-50 (5th Cir. 1998). This makes sense, as most settlements of collective actions involve a lump sum settlement with an amount to be deducted for attorneys' fees. In such cases, it is necessary for the court to evaluate the overall fairness of the settlement and the benefit to the plaintiffs.

---

[2] The lodestar is calculated by multiplying the number of hours reasonably expended by a reasonable hourly rate. A reasonable hourly rate is "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Norman v. Housing Auth. of City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir.1988).

The FLSA does not require the court to assess the fairness of an agreed payment of attorneys' fees in settling an individual action. Indeed, the purpose of the fairness review is to ensure that an employer does not take advantage of an employee in settling his claim for wages, and not to ensure that the employee does not overcharge the employer. *See Lynn's Food Stores*, 679 F.2d at 1354. In an individual FLSA claim, where separate amounts are set forth for the payments of unpaid wages and payments for attorneys fees, the Court has greater flexibility in exercising its discretion in determining the reasonableness of the attorneys' fee.

The award of costs is made in accordance with 28 U.S.C. § 1920. *Goss v. Killian Oaks House of Learning*, 248 F. Supp. 2d 1162, 1169 (S.D. Fla. 2003). In an FLSA action, it is error for a district court to award costs in excess of those permitted by § 1920. *Glenn v. Gen. Motors Corp.*, 841 F.2d 1567 (11th Cir. 1988) (district court erred in awarding expert witness fees under §216(b) that exceeded the amount allowed by § 1920). Likewise, a district court must identify reasons for denying costs to a prevailing party so that the appellate court has some basis to review whether the district court acted within its discretionary power. *Head v. Medford*, 62 F.3d 351, 354 (11th Cir. 1995).

## II. APPLICATION

Plaintiff Pacheco was employed by Defendants, and claims that he was not compensated at the rate of one and one-half times his regular hourly rate for hours worked in excess of forty hours per week. Docket No. 13 at 3-4 (amended complaint). Defendants denied these allegations in their answers, and continue to deny these allegations. *See* Docket Nos. 21, 24, 39-2 at 2. Specifically, Defendant JHM denied that it ever employed Plaintiff. Docket No. 24 at 2. Defendants also disputed the number of overtime hours worked by Plaintiff, and whether Plaintiff was an "exempt employee"

under the relevant provisions of the FLSA. *See* Docket Nos. 21, 24. The Court, therefore, finds there was a bona fide dispute as to liability.

The parties settled all matters in this action. Defendants Remington L.P. and JHM agreed to pay to Plaintiff and Plaintiff's counsel a total of $23,000 in back wages, liquidated damages, and attorney's fees and costs. Under the terms of the Settlement Agreement, Defendants are to pay the settlement amount by six checks in separate allocations: 1.) $3,300 payable to Plaintiff Pacheco from Defendant Remington L.P., 2.) $3,300 payable to Plaintiff Pacheco from Defendant Remington L.P., 3.) $3,300 payable to Plaintiff Pacheco from Defendant JHM, 4.) $3,300 payable to Plaintiff Pacheco from Defendant JHM, 4.) $4,900 payable to The Pantas Law Firm, P.A. (Plaintiff's counsel) from Defendant Remington L.P., and 5.) $4,900 payable to The Pantas Law Firm, P.A. from Defendant JHM. Docket No. 43-2 at 3. At the hearing, counsel for Plaintiff stated that The Pantas Law Firm, P.A. over-charged Plaintiff by $197.35, and that counsel will return that amount to Plaintiff.

In terms of fairness of the settlement, each party was independently represented by counsel. Counsel were obligated to vigorously represent their clients' rights. Based on the amount to be paid to Plaintiffs and the parties' conduct throughout the litigation and during the hearing on the settlement, there is no suggestion of collusion. In addition, the parties stipulate that they had a bona fide dispute under the FLSA, and that they resolved the matter in order to avoid litigation costs. Docket No. 39-1 at 3, ¶ 6. The settlement is a fair and reasonable resolution of a bona fide dispute.

All counsel for Defendants believe Plaintiffs' attorneys' fees and costs appear reasonable and do not contest the amount of attorneys' fees or costs. The undersigned independently reviewed the detailed billing records and affidavits submitted by Plaintiff's counsel (*see* Docket No. 45), and agrees that the number of hours worked appears reasonable. As there is no unreasonableness apparent from

the face of the documents, the Court did not conduct an in-depth analysis of the attorney's fees sought or determine the market rate for Plaintiffs' counsel.

Therefore it is **ORDERED** that:

1.) the Motion for Approval of FLSA Settlement and to Dismiss the Case with Prejudice (Docket Nos. 39, 41) is **GRANTED**;

2.) the settlement reached by the parties is approved;

3.) the case is dismissed with prejudice; and

4.) the Clerk is directed to change the name of Defendant JHM Enterprises to "JHM Enterprises, Inc." and close the case.

Recommended in Orlando, Florida on April 12th, 2006.

James G. Glazebrook
United States Magistrate Judge

Copies furnished to:
Counsel of Record
Unrepresented Party